IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

STEVEN HAYES                                                                                PLAINTIFF

v.                                           Civil No. 6:20-cv-6058

DR. THOMAS N. DANIEL; DR.
NANETTE VOWELL; PHYSICIAN
ASSISTANT SHARONDA S. LONG;
DR. LARRY DAVIS D.D.S.; DR.
MADISON TALLIAFERRO, D.S.S.;
NURSE JASON M. JELLEY; DR. JEFFERY
STIEVE; RORY GRIFFIN; OMBUDSMAN
CHARLOTTE GARDNER; STAFF
PSYCHIATRIST EUGENE Y. LEE;
STAFF PSYCHIATRIST RAYMOND
K. MOLDEN; STAFF PSYCHIATRIST
SHAWN M. RICHARD; STAN WOFFARD;
JORGE DOMINICIS; GERALD "JERRY"
BOYLE; NURSE PARSONS; and MAIL
ROOM SUPERVISOR SUE ALFORD                                                    DEFENDANTS

## **ORDER**

Before the Court is the Report and Recommendation filed on August 21, 2020, by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 20). Judge Ford conducted a preservice screening of Plaintiff Steven Hayes' complaint and now recommends that the Court dismiss some of Plaintiff's claims without prejudice pursuant to 28 U.S.C. § 1915A. Plaintiff objects.

### **I. BACKGROUND**

Plaintiff filed his complaint on June 9, 2020, and then filed an amended complaint on July 14, 2020. In short, Plaintiff alleges that Defendants violated his constitutional rights in multiple

ways while he was incarcerated in the Arkansas Department of Correction ("ADC"), with some of the alleged violations starting back in 2014.[1]  Plaintiff seeks money damages.

Judge Ford conducted a preservice screening and now makes four recommendations.  First, he recommends the dismissal without prejudice of all portions of Plaintiff's claims that occurred prior to June 9, 2017, the applicable statute of limitations.  Second, he recommends the dismissal without prejudice of all official capacity claims against Defendants Griffin, Gardner, Alford, and McCoy, who are entitled to sovereign immunity.  Third, he recommends the dismissal without prejudice of all individual capacity claims against Defendants Lee and Richard for failure to allege any facts connecting those defendants to the claims in this case.  Fourth, he recommends the dismissal without prejudice of all claims against Defendants Griffin and McCrory for failure to state a claim upon which relief can be granted.  Plaintiff has filed timely objections to the first, third, and fourth recommendations, and concedes that the second recommendation should be adopted.

## II. DISCUSSION

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation."  *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018).  Generally, "objections must be timely and specific" to trigger *de novo* review.  *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990).  The Court applies a liberal construction when determining whether *pro se* objections are specific.  *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995).  In the absence of objections, the Court "need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72 advisory committee's note, subd. (b).

---

[1] Judge Ford detailed the substance and allegations surrounding each of Plaintiff's fourteen claims in the instant Report and Recommendation.  It is unnecessary to repeat that information here.

2

As stated above, Judge Ford makes four separate recommendations. The Court will separately address each.

**A. Statute of Limitations**

Plaintiff filed this case on June 9, 2020. Several of his claims relate to allegations of constitutional deprivations that occurred prior to June 9, 2017. Judge Ford recommends the dismissal without prejudice of any claim to the extent that it concerns allegations occurring prior to June 9, 2017.[2] Plaintiff objects specifically to the dismissal of one of his pre-June 9, 2017 claims involving Defendants Molden alleged failure to provide adequate treatment and medication for Plaintiff's psychiatric issues from December 2014 to the present. Plaintiff argues that he has alleged a continuing violation, so the statute of limitations should not commence until the last incident of inadequate medical care. Accordingly, Plaintiff argues that the Court should not dismiss any part of his claim related to the denial of treatment for his insomnia, anxiety, and mental illnesses.

Section 1983 does not contain its own statute of limitations. Rather, causes of action under section 1983 are governed by "the most appropriate or analogous state statute of limitations." *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987). In Arkansas, the three-year personal injury statute of limitations, codified at Ark. Code Ann. § 16-56-105(3), is applicable to section 1983 cases. *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001). The date when a section 1983 cause of action accrues "is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (emphasis in original); *see also Montin v. Estate of Johnson*, 636 F.3d 409, 413 (8th Cir. 2011). Thus, Plaintiff was required to file his lawsuit within three years of the date his claims accrued. Section 1983 claims accrue "when the plaintiff has a

---

[2] Judge Ford notes, however, that this would not dismiss any claim in its entirety.

complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388. Under that rule, Plaintiff's tort cause of action accrues, and the statute of limitations commences to run, when he knew or should have known of the injury that forms the basis of the claim. *Id.* at 391.

Accrual can be delayed under the "continuing violations" theory, *see Montin*, 636 F.3d at 416, but the doctrine applies only to claims "composed of a series of separate acts that collectively constitute one unlawful practice." *Gonzalez v. Hasty*, 802 F.3d 212, 220 (2d Cir. 2015) (alteration and internal quotation marks omitted). Judge Ford has not been given the opportunity to address the continuing violation doctrine. The Court is unaware of any Eighth Circuit cases applying the continuing violation doctrine in this context. The Fifth Circuit has said that the definition and application of the continuing violation doctrine is "inconsistent and confusing," *Glass v. Petro-Tex Chemical Corp.*, 757 F.2d 1554, 1560 (5th Cir. 1985), and that there are no clear standards. *Berry v. Board of Supervisors*, 715 F.2d 971, 981 (5th Cir. 1983). The Second Circuit has held "that the continuing violation doctrine can apply to Eighth Amendment claims of medical indifference brought under 42 U.S.C. § 1983 when the plaintiff . . . 'allege[s] both the existence of an ongoing policy of [deliberate indifference to a serious medical need] and some non-time-barred acts taken in furtherance of that policy.'" *Shomo v. City of N.Y.*, 579 F.3d 176, 179-82 (2d Cir. 2009) (citing *Harris v. City of N.Y.*, 186 F.3d 243, 250 (2d Cir. 1999)).

This case is at the initial stage and no factual record has been developed. "Because the Eighth Circuit has not addressed the application of the continuing violation doctrine in this context, because the courts have recognized that the application of that doctrine is not always clear-cut, because no factual record has been developed, and because the magistrate judge did not have the opportunity to address the doctrine, the Court has decided that it would be better to permit the

4

action to go forward on the [claims that partially fall outside the three-year limitations period] and address the statute of limitations issues at a later stage, after the defendants have responded to the complaint, and after a fuller record has been developed." *Winston v. Kelly*, No. 5:10-cv-0180-JLH-JJV, 2011 WL 3444193, at *1 (E.D. Ark. Aug. 8, 2011).  The Court will decline to adopt the instant Report and Recommendation to the extent that it recommends dismissal of any portion of Plaintiff's claims that occurred before June 9, 2017.[3]

### B. Sovereign Immunity

Plaintiff has brought official capacity claims against Defendants Griffin, Gardner, Alford, and McCoy, who are employees of the ADC.  Judge Ford recommends that these claims should be dismissed pursuant to the doctrine of sovereign immunity.  Plaintiff states in his objections that he accepts this recommendation.

Being well and sufficiently advised, and finding no clear error on the face of the record, the Court will adopt this recommendation.  Sovereign immunity bars Plaintiff's official capacity claims against Defendants Griffin, Gardner, Alford, and McCoy, who are alleged to be employees of the ADC, which is a state agency.  *See Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997).  These claims shall be dismissed without prejudice.

### C. Causal Connection

Plaintiff has named Defendants Lee and Richard as defendants to this lawsuit, but has not alleged any facts related to them.  Judge Ford recommends the dismissal without prejudice of Plaintiff's individual capacity claims against Defendants Lee and Richard because he has not alleged any facts linking them with the claims in this case.  Plaintiff objects, stating that Defendants

---

[3] In doing so, the Court expresses no opinion at this time as to the validity or applicability of the continuing violations doctrine to this case.

5

Lee and Richard failed to treat his insomnia or anxiety, beginning back in December 2014, and continuing through today.

"Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability on the part of a defendant, [the plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of [his] constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (citation and internal quotation marks omitted). Merely listing a defendant in a case caption is insufficient to support a claim against that defendant. *Krych v. Hass*, 83 Fed. App'x. 854, 855 (8th Cir. 2003) (stating that court properly dismissed *pro se* complaint that was silent as to defendant except for his name appearing in caption)

Plaintiff names Defendants Lee and Richard as defendants in the case caption but alleges no facts related to them. Thus, Plaintiff has failed to state facts showing that Defendants Lee and Richard had any personal involvement in the alleged constitutional violations. Plaintiff cannot use his objections to state such facts because allegations may only be asserted in a complaint. *Cf. K. T. v. Culver-Stockton Coll.*, No. 4:16-cv-165 CAS, 2016 WL 4243965, at *5 (E.D. Mo. Aug. 11, 2016) (refusing to consider allegations asserted for the first time in a response brief opposing a motion to dismiss), *aff'd*, 865 F.3d 1054 (8th Cir. 2017); *see also Morgan Distrib. Co., Inc. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) ("[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss."). Accordingly, Plaintiff's claims against Defendants Lee and Richard should be dismissed.

### D. Grievance Claims

Plaintiff has asserted claims against Defendants Griffin and McCoy related to their treatment of the grievances he has filed. He states that Defendants Griffin and McCoy "twist

words" and make false statements when responding to his grievances, and that Defendant Griffin does not investigate allegations made in grievances. Judge Ford recommends that these claims should be dismissed because there is no constitutional right to an adequate grievance procedure. Plaintiff objects, arguing that Defendants Griffin and McCoy's inadequate handling of his grievances contributes to his suffering, in violation of the Eighth and Fourteenth Amendments.

To establish a claim under section 1983, a plaintiff must show a deprivation, under color of law, of a right, privilege, or immunity secured by the Constitution or the laws of the United States. *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). Inmates do not have a constitutionally protected right to a grievance procedure. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (citing *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993)). "Therefore, a prison official's failure to respond to an inmate's grievances . . . without more, is not actionable under § 1983." *Evans v. Jones*, No. 1:07-cv-1036-HFB, 2007 WL 2343843, at *1 (W.D. Ark. Aug. 14, 2007).

"Rather, prison inmates have a constitutional right to petition the government for redress through a right of access to the courts." *Blagman v. White*, 112 F. Supp. 2d 534, 542 (E.D. Va. 2000) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). A jail's "refusal to entertain such grievances does not compromise the inmate's constitutional rights, as access to the courts would still be available." *Id.* (citation omitted). "[A]ny alleged due process violation arising from the alleged failure to investigate . . . grievances is indisputably meritless." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

The Court agrees with Judge Ford that Plaintiff fails to state a cognizable claim related to an inadequate grievance procedure. Even if Defendants Griffin and McCoy failed to adequately respond to and investigate his grievances, Plaintiff still had the ability to access the courts for

7

relief. Thus, Plaintiff's claims against Defendants Griffin and McCoy should be dismissed without prejudice.

### III. CONCLUSION

Upon *de novo* review of all specific objections, the Court finds for the above-discussed reasons that the Report and Recommendation (ECF No. 20) should be and hereby is **ADOPTED IN PART**. Plaintiff's official capacity claims against Defendants Griffin, Gardner, Alford, and McCoy are **DISMISSED WITHOUT PREJUDICE** pursuant to the doctrine of sovereign immunity. Plaintiff's individual capacity claims against Defendants Griffin and McCoy regarding grievances are also **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted. Plaintiff's claims against Defendants Lee and Richard are **DISMISSED WITHOUT PREJUDICE** for failure to allege facts related to those defendants.

The Clerk of Court is **DIRECTED** to terminate Defendants Griffin, Lee, and Richard as defendants to this case. All other claims and defendants not specifically discussed in this conclusion remain for service, which will be addressed by separate order.

**IT IS SO ORDERED**, this 2nd day of September, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge