IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

STEVEN C. HAYES                                                                                        PLAINTIFF

v.                                        Civil No. 6:20-CV-06058

DR. THOMAS N. DANIEL, *et. al.*                                                        DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's Motion for Reconsideration. (ECF No. 74). In his Motion, Plaintiff asks that the Court reconsider its prior Order (ECF No. 71) denying his Motion to Supplement his Amended Complaint. (ECF No. 66). Defendants have not filed a Response, but none is necessary.

Motions to reconsider are not mentioned in the Federal Rules of Civil Procedure, so "[f]ederal courts have construed this type of motion as arising under either Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment, order, or proceeding)." *Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988). Rule 59(e) motions "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988). Rule 60(b) motions require the moving party to demonstrate "exceptional circumstances warranting post-judgment relief." *Arnold v. Wood*, 238 F.3d 992, 998 (8th Cir. 2001).

1

Plaintiff does not set forth any manifest errors of law or fact, present any newly discovered evidence, or demonstrate exceptional circumstances as required by Rules 59(e) and 60(b). Instead, he repeats the arguments presented in his initial Motion to Supplement, and states that he will file a second case to address the additional parties and claims if necessary. The Court has already set forth its reasons for denying his Motion to Supplement, and Plaintiff has not persuaded the undersigned that it should reconsider that Order. Plaintiff is, of course, free to file a new case if he so wishes.

Accordingly, it is recommended that Plaintiff's Motion to Reconsider (ECF No. 74) be **DENIED**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 21st day of June 2021.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE