IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

STEVEN C. HAYES                                                                                    PLAINTIFF

v.                                           Case No. 6:20-cv-06058

DR. THOMAS N. DANIEL, *et al*.                                                           DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed on June 21, 2021, by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. ECF No. 82. Plaintiff filed objections. ECF No. 84. The Court finds the matter ripe for consideration.

On May 1, 2020, Plaintiff filed this action pursuant to 42 U.S.C. § 1983. ECF No. 1. The Court granted Plaintiff leave to proceed in forma pauperis. ECF No. 4. On April 12, 2021, Judge Ford denied Plaintiff's Motion to Supplement his amended complaint. ECF No. 71. In that motion, Plaintiff sought to add four defendants and 59 pages of grievances which were either exhausted, or filed and exhausted, after he filed his original complaint in this case. ECF No. 71. Judge Ford stated that the deadline to amend pleadings had passed and Plaintiff failed to provide the Court with any reason for delay. ECF No. 71.

On May 3, 2021, Plaintiff filed a Motion to Reconsider in regard to Judge Ford's Order denying his Motion to Supplement his amended complaint. ECF No. 74. On June 21, 2021, Judge Ford filed the present Report and Recommendation and recommends that the Court deny Plaintiff's Motion to Reconsider. ECF No. 82. Plaintiff filed his response in opposition. ECF No. 84.

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). The Court applies a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995).

Pursuant to § 646(b)(1), the Court will conduct a *de novo* review of all issues related to Plaintiff's specific objections. Plaintiff objects to the Report and Recommendation's finding that the Motion for Reconsideration (ECF No. 74) should be denied. Plaintiff argues that because Defendants have not shown any valid reason to deny Plaintiff leave to supplement his complaint, that he should be allowed to.

When a party moves for leave to amend outside the district court's scheduling order, Fed. R. Civ. P. 16(b) governs and requires the party to show good cause to modify the schedule. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Id.* at 716–17 (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)). Upon review, Plaintiff does not show good cause as to why he was unable to comply with the scheduling order. Plaintiff states that

he seeks to add four defendants: Dr. Lee, Dr. Richard, Dr. Strode, and APN Giggleman. Dr. Lee and Dr. Richard were terminated as Defendants from this case as part of the mandatory PLRA preservice screening process. ECF No. 22. Plaintiff states that he "accidentally left out" Dr. Lee, Dr. Richard, and APN Giggleman. Second, Plaintiff seeks to include 59 pages of grievances that were either exhausted, or filed and exhausted, after he filed his original complaint. Plaintiff has not provided the Court any reasons for why he was unable to comply with the scheduling order or that he even attempted to meet the order's requirements.

Thus, after conducting a *de novo* review of the Report and Recommendation to which Plaintiff has objected, this Court finds the Objections offer neither law nor fact requiring departure from the Magistrate's findings. Petitioner objects on the grounds that Defendants must show why Plaintiff is not entitled to amend his complaint but does not address the amendment deadline. The Court agrees with Judge Ford's findings that Plaintiff's failure to comply with court deadlines is reason for denial of his Motion to Supplement his amended complaint. Accordingly, the Court finds that the report and recommendation (ECF No. 82) is proper, contains no clear error, and should be and hereby is **ADOPTED IN ITS ENTIRETY**.

**IT IS SO ORDERED**, this 30th day of July, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge