IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

STEVEN C. HAYES                                                                PLAINTIFF

v.                                         Civil No. 6:20-CV-06058

DR. THOMAS DANIEL, *et. al.*                                          DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's Motion for Reconsideration of prior orders by both the undersigned and Chief Judge Hickey denying his untimely motions to supplement his Complaint. (ECF No. 90). Motions to reconsider are not mentioned in the Federal Rules of Civil Procedure, so "[f]ederal courts have construed this type of motion as arising under either Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment, order, or proceeding)." *Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988). Rule 59(e) motions "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988). Rule 60(b) motions require the moving party to demonstrate "exceptional circumstances warranting post-judgment relief." *Arnold v. Wood*, 238 F.3d 992, 998 (8th Cir. 2001).

As grounds for reconsideration, Plaintiff raises a new argument that, pursuant to Local Rule 16.2, he is not required to follow the Court's Initial Scheduling Order in this case because he is a *pro se* prisoner. (*Id.*). Plaintiff's interpretation of Local Rule 16.2 is taken out of context with the

1

Federal and Local Rules of Civil Procedure and flouts the Court's inherent authority to manage cases in an efficient manner.

Federal Rule of Civil Procedure 16, entitled "Pretrial Conferences; Scheduling; Management," was amended in 1983. The "most significant change" to Rule 16 was the mandatory scheduling order described in Rule 16(b). Fed. R. Civ. P. 16 advisory committee's notes to 1983 amendment. The amendment requires the scheduling order to be issued within a strict timeline after service or appearance of a defendant, and after the court receives the required discovery plan under Rule 26(f) or completes a scheduling conference. Fed. R. Civ. P. 16(b)(1)-(2); 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1522.1 (3d ed. Apr. 2021 update). "[I]n recognition of the fact that a high degree of judicial involvement may not be warranted in many actions," the rule permits district courts to promulgate local rules exempting certain categories of cases from the strict requirements of the mandatory scheduling order. *Id*. at § 1522.1.

Local Rule 16.2 lists several categories of cases which are "exempt from the Fed. R. Civ. P. 16(b) Scheduling Order." This exemption includes "*[p]ro se* actions brought by persons in federal, state or local custody." Local Rules 16.1 and 16.2 permit the Court to avoid unnecessary and impractical scheduling conferences with prisoners, permit the case to proceed without the need to adhere to strict timelines for detailed reports and conferences, and provide the Court discretion to decide if a scheduling order is needed. The exemption does *not* permit a *pro se* prisoner to disobey a scheduling order or to modify one without good cause.[1] As was aptly stated by the court

---

[1] Plaintiff cites *Marks v. Higgins*, Case No. 2:01CV00024 SWW, 2002 WL 34705238, *3-4 (E.D. Ark. 2002) to support his argument that he is exempt from obeying any scheduling order entered by the Court. The case does not stand for this proposition. The plaintiff in *Marks* filed a motion for an Order directing defendants to comply with Fed. R. Civ. P 26, complaining that Defendants had failed to submit the written reports of their experts as required by Rule 26(a)(2)(B). Plaintiff also filed a motion to exclude two expert witnesses because they were not identified as expert witnesses and he was not given the required Rule 26(a)(2)(B) report. First noting that the case was exempt from the Fed. R. Civ. P. 16(b) scheduling order, the court stated the parties were not exempt from following the other federal

in *Gore v. Experian Info. Sols., Inc.*, CIV.3:03-CV-2949-H, 2004 WL 1253404, at *1 (N.D. Tex.

June 7, 2004) (emphasis in original), such local rule exemptions may provide that *cases* involving

*pro se* plaintiffs are exempt from the scheduling and planning requirements of Federal Rule of

Civil Procedure 16(b); they do not, however, provide that *pro se* plaintiffs are exempt from a

scheduling order once one has been entered by the Court.  *See also, Knighton v. U. of Texas at*

*Arlington*, 4:18-CV-00792-P-BP, 2021 WL 2342988, at *2 (N.D. Tex. May 24, 2021), *report and*

*recommendation adopted*, 4:18-CV-00792-P, 2021 WL 2337166 (N.D. Tex. June 8, 2021)

(Plaintiff "is correct that because she is a plaintiff proceeding *pro se*, the strict requirements of

Federal Rule of Civil Procedure 16(b) do not apply to this case. . . . However, the Local Civil Rule

does not contemplate that the Court cannot enter a scheduling order in such a case").

It is well-established in the Eighth Circuit that a "district court has broad discretion in

establishing and enforcing the [scheduling order] deadlines." *Marmo v. Tyson Fresh Meats, Inc.*,

457 F.3d 748, 759 (8th Cir. 2006) (citing Fed. R. Civ. P. 16, 37).  "Adherence to [scheduling] order

deadlines is critical to achieving the primary goal of the judiciary: 'to serve the just, speedy, and

inexpensive determination of every action.'"  *Id.* (quoting Fed. R. Civ. P. 1).  Additionally,

"[f]ederal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage

their own affairs so as to achieve the orderly and expeditious disposition of cases.'"  *Goodyear*

*Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (citing *Link v. Wabash R. Co.*, 370

U.S. 626, 630–631(1962)).

In accordance with the Federal Rules of Civil Procedure, the Local Rules, and the inherent

authority of the Court to manage cases, it is the long-standing policy of the Arkansas Western

District to issue a Scheduling Order in all *pro se* prisoner cases filed pursuant to § 1983.  The entry

---

rules of discovery and ordered the defendants to provide the required Rule 26 disclosures and reports.  The plaintiff's
motion to exclude the expert witnesses was denied.

of this Scheduling Order ensures efficient case management and provides clear notice of case deadlines to *pro se* prisoner litigants.  Once entered, the Initial Scheduling Order is binding on all parties, including *pro se* prisoners.  "[A] Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by [litigants] without peril."  *Brownmed, Inc. v. Medline Industries, Inc.*, 20-CV-1011-CJW-MAR, 2020 WL 9075065, at *2 (N.D. Iowa Nov. 19, 2020).  The Eighth Circuit does "not take case management orders lightly, and will enforce them." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001).

Thus, Plaintiff's argument that he is entitled to conduct his case as he pleases - completely free of any case management by the Court because he is a *pro se* prisoner - is patently absurd.  The Scheduling Order in this case is, and will continue to be, binding on the parties, including the *pro se* Plaintiff.

Plaintiff's repeated argument that Federal Rule of Civil Procedure 15(a) permits unfettered amendment or supplementation of his Complaint at any time is equally misguided.  Parties do not have an absolute right to amend their pleadings, even under the liberal standard of Rule 15(a). *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008) (citing *United States ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir.2005)).  Once a scheduling order is entered, it "may be modified *only for good cause* and with the judge's consent."  *Id*. (emphasis in original). The Eighth Circuit has addressed this precise issue, explaining that:

> The interplay between Rule 15(a) and Rule 16(b) is settled in this circuit.  In *Popoalii,* we stated that "[i]f a party files for leave to amend outside of the court's scheduling order, the party *must* show cause to modify the schedule."  Moreover, we said so in the context of a discussion of the Rule 15 amendment standard, unmistakably concluding that Rule 16(b)'s good-cause standard governs when a party seeks leave to amend a pleading outside of the time period established by a scheduling order, not the more liberal standard of Rule 15(a).

4

*Id.* (internal citations omitted). Plaintiff has, again, failed to show any good cause for his failure to meet the scheduling order deadline.

Finally, Plaintiff argues he is not asking to add or remove parties, but rather he is merely attempting to bring the case "up to date" by adding grievances which were filed and exhausted after the filing of his Complaint. (ECF No. 90 at 3). As Plaintiff has already been advised (ECF No. 71), if he wishes to rely on additional grievances to support the *existing* claims in his case, he may submit them as exhibits with his response to any summary judgment motion that may be filed by the Defendants. It is neither necessary nor appropriate to attach them to his Complaint.

Plaintiff does not set forth any manifest errors of law or fact, present any newly discovered evidence, or demonstrate exceptional circumstances as required by Rules 59(e) and 60(b). Both the undersigned and Chief Judge Hickey have clearly set forth their reasons for denying Plaintiff's multiple motions to supplement in prior orders, and Plaintiff has not persuaded the undersigned that any of the prior orders should be reconsidered.

Accordingly, it is recommended that Plaintiff's Motion for Reconsideration (ECF No. 90) be **DENIED**.

As this is Plaintiff's fourth untimely attempt to supplement his Complaint in violation of the Court's Scheduling Order, it is further recommended that Plaintiff be advised that the Court's authority to manage cases includes the "the ability to fashion an appropriate sanction for conduct which abuses the judicial process.'" *Goodyear Tire*, 137 S. Ct. at 1186 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991)). These sanctions can include the outright dismissal of a case. *Chambers*, 501 U.S. at 45; *see also* Fed. R. Civ. P. 16(f) and 37(b)(2)(A)(ii)-(vii); *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (Pursuant to Rule 41(b), a district court has the power

to dismiss an action based on "the plaintiff's failure to comply with *any* court order.") (Emphasis added).

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 25th day of August 2021.

/s/ *Mark E. Ford*
_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE